EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GUILLERMO G. GONZALO, acusado y apelante.

No. 5548.—*Sometido:* Noviembre 15, 1934. *Resuelto:* Noviembre 30, 1934.

*R. Martínez Nadal* y *Ramón G. Goyco,* abogados del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

José Tiburcio Gonzalo y Guillermo G. Gonzalo fueron acusados de asesinato en segundo grado por haber acometido y agredido en 6 de enero de 1931 a Pablo Sardán Silva con armas cortantes, produciéndole varias heridas, a consecuencia de las cuales falleció éste el 11 de febrero del mismo año.

Al ser llamado el caso los acusados solicitaron juicios separados y la corte accedió a ello. Ésta es la apelación interpuesta por Guillermo G. Gonzalo contra una sentencia condenatoria por el delito de homicidio voluntario que le condenó a la pena de dos años de presidio con trabajos forzados.

Se han señalado tres errores. El primero y tercero son discutidos conjuntamente por el apelante y se refieren a

cuestiones de hecho; en otras palabras, el acusado sostiene que el veredicto es contrario a la prueba.

En lo atinente al primer señalamiento de error relativo a una moción sobre suspensión de sentencia, somos del criterio que el apelante estuvo equivocado al radicarla, toda vez que cuestiones de hecho que no constaran en récord no pueden ser impugnadas mediante una moción sobre suspensión de sentencia.

Al atacar el veredicto, el apelante presenta dos aspectos. El primero es que no hubo suficiente prueba para demostrar que Guillermo G. Gonzalo infirió la herida que produjo la muerte a Pablo Sardán Silva. El pueblo presentó dos testigos para demostrar que Guillermo G. Gonzalo en realidad infirió una herida en el pecho al occiso, que el Dr. De Jesús creyó bastaba para producir la muerte. En pocas palabras, José Tiburcio Gonzalo, hijo del apelante, agredió a Pablo Sardán Silva. Poco después José Tiburcio Gonzalo fué a una fonda que por allí cerca había y consiguió un pequeño machete, o un trozo del mismo. El interfecto siguió su camino, entró en una casa y obtuvo un cuchillo corriente de mesa para defenderse. Poco tiempo después, posiblemente tres o cuatro minutos más tarde, Guillermo Gonzalo fué informado de lo ocurrido y acudió a la escena de los sucesos. En el ínterin, José Tiburcio Gonzalo se marchó y regresó en un automóvil con un número de amigos. Así fué como padre e hijo se hallaron juntos en el sitio en que ocurrieron los hechos. Entonces Silva dijo en efecto que no quería tener peleas con ninguno de ellos y entregó el arma al padre. La prueba tiende a demostrar que el hijo hirió al interfecto por la espalda o por el costado, mientras el padre le propinó una herida en el pecho. Los testigos oculares presentados por El Pueblo ofrecieron prueba al efecto de que el interfecto manifestó que había sido herido por Guillermo Gonzalo. Aunque quizá los dos testigos de cargo no están perfectamente seguros de la naturaleza del arma con que se causó la herida y realmente no describen el momento en que

la misma fué inferida, el jurado tenía derecho a creer que fué Guillermo Gonzalo la persona que infirió la herida que causó o pudo causar la muerte del interfecto. Decimos "pudo causar" en vista del segundo aspecto discutido por el apelante.

■ Aun si los testigos hubiesen sido menos explícitos y no hubiesen visto la herida inferida, cuando la prueba tendió a demostrar que Pablo Sardán Silva murió a consecuencias de las heridas inferídasle el 6 de enero de 1931. y cuando se demostró que el acusado y su hijo estuvieron allí y le atacaron, todo ello fué prueba circunstancial que dió derecho al jurado para creer que la muerte sobrevino a consecuencias de la herida causada por el frente y que el acusado fué la persona que la produjo.

■ Además, tanto el apelante como su hijo coadyuvaban y cooperaban entre sí en los sucesos que tendieron a producir la muerte de Silva, y de conformidad con el artículo 36 del Código Penal cualquiera de ellos podría considerarse como coautor.

■ El segundo aspecto fué al efecto de que no se demostró de manera definitiva que Silva falleció a consecuencias de una herida. El Dr. De Jesús declaró que el interfecto recibió una herida que le interesó los pulmones y llegó hasta el corazón. La herida en este último órgano sanó más tarde, pero sobrevino un absceso en el pulmón que fué la causa próxima de la muerte de Silva. Al ser examinado con más amplitud, el Dr. De Jesús admitió naturalmente que la infección del pulmón pudo haber provenido de una causa distinta a la herida. El acusado insiste en esto especialmente toda vez que la muerte ocurrió algún tiempo después del día en que se infirió la herida. Una lectura de la declaración del médico en su totalidad hace evidente que el jurado tenía derecho a creer que la muerte de Silva fué causada por la herida inferídale en 6 de enero de 1931. Un perito tan sólo puede dar su opinión, y así lo hizo el médico. Hubiese sido imposible para él manifestar que el absceso no pudo sobrevenir a consecuencia de alguna otra causa. La

ley tan sólo exige certeza razonable en casos de esta índole y esta certeza razonable existe en el presente recurso.

También se presentó una moción de nuevo juicio fundada en el descubrimiento de nueva prueba. Ésta fué controvertida por el fiscal, y la corte tenía derecho a decidir el conflicto y no hallamos que se cometiera error.

*La sentencia apelada debe ser confirmada.*