EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FAUSTO RODRÍGUEZ GARCÍA, acusado y apelante.

Número 16413.

*Sometido:* 12 de mayo de 1958.   *Resuelto:* 19 de mayo de 1958.

*Héctor Lugo Bougal,* abogado del apelante; *Hon. J. B. Fernández Badillo, Secretario de Justicia, Arturo Estrella, Secretario Auxiliar de Justicia, Alfredo Archilla Guenard* y *William Fred Santiago, Fiscal* y *Fiscal Auxiliar del Tribunal Supremo,* respectivamente, abogados de El Pueblo, apelado.

*PER CURIAM:* Fausto Rodríguez García fué acusado por un delito de infracción a la sec. 77 de la Ley de Espíritus y Bebidas Alcohólicas (13 L.P.R.A. sec. 1754). Celebrado el juicio ante el Tribunal Superior, Sala de Ponce, el acusado fué convicto, imponiéndosele la pena de seis meses de cárcel. En este recurso de apelación imputa los siguientes errores: (1) "que cometió grave error de derecho el tribunal inferior al declarar la culpabilidad del acusado, ya que en términos de derecho la prueba es insuficiente para condenarlo"; (2) "que cometió grave error de derecho el tribunal inferior al limitar la repregunta del único testigo de cargo por parte de la defensa en violación del derecho fundamental del acusado a contrainterrogar a los testigos contrarios".

■ Estamos convencidos de que ambos errores carecen de fundamento. En primer lugar, el juez consideró y apreció la prueba que le fué sometida por las partes, dándole crédito a la presentada por el ministerio público. A nuestro juicio la declaración del Agente de Rentas Internas, Sr. Manuel Torres Delgado, que fué creída por el tribunal sentenciador, es suficiente en derecho para sostener la sentencia. No es cierto que dicha declaración fué dudosa y evasiva, como alega el apelante. Por tanto, no existe razón alguna para alterar la sentencia por el motivo que se apunta en el primer error. *Pueblo* v. *Piñeiro*, 77 D.P.R. 531, 534 (1954); *Pueblo* v. *Comas*, 75 D.P.R. 413 (1953); *Pueblo* v. *Millán*, 71 D.P.R. 440 (1950).

■ El segundo apuntamiento de error es completamente frívolo. El juez procedió correctamente al no permitirle al abogado que siguiera interrogando al testigo de cargo sobre una materia que ya había sido cubierta ampliamente en la propia repregunta de la defensa. No existe derecho alguno a repetir indefinidamente las mismas preguntas a un testigo. Además la prueba demuestra que los intereses del acusado no fueron perjudicados por dicha actuación del juez sentenciador.

*Debe confirmarse la sentencia apelada.*