THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PEDRO APONTE GONZÁLEZ ET AL., Defendants and Appellants.

No. 16639. Decided September 20, 1961.

492

*Santos P. Amadeo, Charles H. Juliá, C. Andréu Ribas, M. López Carrillo,* and *Francisco Coll Moya* for defendants and appellants. *J. B. Fernández Badillo, Attorney General of Puerto Rico,* and *Arturo Estrella, Assistant Attorney General,* for appellee.

Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, and Mr. Justice Blanco Lugo and Mr. Justice Dávila.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

District Attorney Herminio Miranda, Jr. filed an information against the four appellants, Pedro Aponte González, Lino Colón Peraza, Blas Adorno Medina, and Pedro Rivera Mateo, for the offense of robbery, consisting in that they took from the person of Ramón Fernández Serra, in his immediate presence and by force and violence, the sum of $5,000 in cash, against the will of the said prejudiced party. (Section 238 of the Penal Code, 33 L.P.R.A. § 851.) The corresponding trial having been held, the jury returned a verdict of guilty against the four defendants and they were sentenced to serve an indeterminate sentence from one to ten years' imprisonment in the penitentiary. Appeal was taken from this sentence. Five errors are assigned.

## I

The first error assigned is the acceptance as valid of a verdict by a majority which it is alleged is repugnant to the due process of law of the Fifth and Fourteenth Amendments to the Constitution of the United States. An identical challenge was rejected in *Fournier* v. *González, Warden,* 80 P.R.R. 254 (1958), *affirmed,* 269 F.2d 26 (1959). See, also, *Jaca* v. *Delgado, Warden,* 82 P.R.R. 389, 393–96 (1961), where the question is considered again in the light of certain paragraphs of the opinion rendered by the United States Supreme Court in *Reid* v. *Covert,* 354 U.S. 1 (1957).

## II

At the close of the direct examination of the prejudiced party, the defense, in the absence of the jury and of the witness, requested copy of the sworn statement given by the latter in the course of the investigation of the case. The district attorney answered that the only sworn statement given before him had been introduced in evidence in a petition for habeas corpus interposed by one of the codefend-

ants and that the defense had a copy of it. *Cf. Rich* v. *United States*, 261 F.2d 536 (C.A. 4, 1958.) He made it clear, however, that the statement in question was the only *written* statement given by the witness, but that, "of course, that does not mean that that was the only one given by him" (tr. ev. (1), 35). In view of the fact that defendant Lino Colón Peraza, petitioner in the petition for habeas corpus, had been imprisoned since or prior to September 9 after District Judge Rafael F. Marchand had found probable cause against him and that the sworn statement delivered was of a later date—September 11—the defense insisted that he be informed whether there was any other statement. Again the district attorney stated, after clarifying that he had not participated in the investigation which culminated in the determination of probable cause, that he did not have in his possession any other written statement. The incident ended with the issuance of an order directing the examining magistrate to appear bringing with him any document which he might have considered in determining the existence of probable cause. Later, on cross-examination, the defendant stated that he had given oral testimony under oath for the first time before "the judge of Guaynabo," but not before Judge Marchand (tr. ev. (1), 62–63; tr. ev. (3), 6–9, 41). This probably explains why, despite the defense's vehement insistence that he be delivered the sworn statements given, he did not insist subsequently on the point nor on the appearance of the judge mentioned. *Cf. Rodgers* v. *United States*, 267 F.2d 79, 90 (C.A. 9, 1959).

■■ Just a few days ago we adopted as rule of procedure in this jurisdiction the rule which permits the defendant to obtain copy of any statement given by a prosecution witness if the request is made subsequent to the direct testimony and during the cross-examination, and if the same is related to the facts in litigation. *People* v. *Ribas, ante*, p. 371. This solution was forthcoming since *People* v.

*Superior Court; Ramos, Int.,* 80 P.R.R. 679 (1958). *Cf. People* v. *Cortés,* 79 P.R.R. 769 (1957). See, also, *Jencks* v. *United States,* 353 U.S. 657 (1957), and *Campbell* v. *United States,* 365 U.S. 85 (1961). It is well to clarify that under the rule enunciated the district attorney is bound to deliver only the written sworn statements in his possession. In *De Freese* v. *United States,* 270 F.2d 737, 740 (C.A. 5, 1959), it was said: "The Jencks rule does not require the government to furnish something it does not have and cannot obtain. Here, everything the government did have in its possession was turned over to the appellant . . . This is all that justice and fairness require." And in *United States* v. *Place,* 263 F.2d 627, 631 (C.A. 2, 1959), it is intimated that the defendant must lay the foundation for the existence of the statement desired. The defendant is therefore bound to procure the delivery of any other written statement given by a prosecution witness before some other public officer, and particularly before those who determine the existence of probable cause. It is clear that if the district attorney has in the initial proceedings copies of written statements of those witnesses given before other officers, he is bound to produce them even though they have not been taken by him. In this connection, it is well to point out that in the Rules of Evidence adopted by this Court, which were transmitted to the Legislative Assembly and are still pending approval, the term "statement" means not only a written statement made by the witness, but also "a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by the defendant, or the witness, or a government officer, if such recording was made contemporaneously with the oral statement." (Rule 105(5).) This Rule 105 was adopted from the Jencks Act, 18 U.S.C. § 3500. For an interpretation of its provisions, see *Palermo* v. *United States,* 360 U.S. 343 (1959); *Rosenberg* v. *United States,*

360 U.S. 367 (1959); *United States* v. *Simmons*, 281 F.2d 354 (C.A. 2, 1959); *United States* v. *Tomaiolo*, 280 F.2d 411 (C.A. 2, 1960); *United States* v. *Clancy*, 276 F.2d 617, 634 (C.A. 7, 1960); *United States* v. *Davis*, 262 F.2d 871 (C.A. 7, 1959); *Sells* v. *United States*, 262 F.2d 815 (C.A. 10, 1958); Margolin, *Due Process and Right of Confrontation*, 58 Mich. L. Rev. 888 (1960); *Statutory Limitation of Jencks Decision*, 12 Vand. L. Rev. 939 (1959); *The Aftermath of the Jencks Case*, 11 Stan. L. Rev. 266 (1959); *Jencks Rule in State Courts: Jencks Is Not a Constitutional Mandate*, 34 Notre Dame Law. 578 (1959). Regarding the inspection of statements in civil actions, see *Hickman* v. *Taylor*, 329 U.S. 495 (1947); *Statements of parties or witnesses as subject of pretrial or other disclosure, production or inspection*, 73 A.L.R.2d 12 (1960).

### III

The information filed against appellant Pedro Rivera Mateo was for a subsequent offense because he had been previously sentenced for the crime of voluntary manslaughter and had served the sentence imposed. Before the opening of the trial the defendant admitted the plea of subsequent offense, and thereupon the presiding judge directed the clerk to omit from the arraignment the paragraph referring to such fact, and, further, after defendant was arraigned, to retranscribe it omitting such allegation and to deliver copy thereof to the jury upon retiring to deliberate. It was so done.

In the course of the trial no reference was made to this previous conviction. Nor were instructions given to the jury on subsequent offense. However, when the verdict forms were delivered to the jury, in the one corresponding to co-defendant Rivera Mateo it was stated, next to the number of the case, that the offense charged was *subsequent robbery*. In the verdict returned the foreman of the jury wrote down

in his own handwriting that defendant was found "guilty of robbery." (Tr. Ev. (3), 243, 258.)

 The local rule is to the effect that when the defendant admits the plea of subsequent offense, such fact should not be submitted to the jury for consideration and that, in such event, the proper thing to do is to deliver to the jury copy of the information from which every allegation of the previous offense has been stricken out, *People* v. *Beltrán*, 73 P.R.R. 466, 475 (1952); *People* v. *González*, 80 P.R.R. 203, 205 (1958). If the fact is set forth in a document, the jury must be furnished with a copy in which it is not mentioned; if it appears in oral statement, they must be absolutely prohibited. *People* v. *Colón*, 81 P.R.R. 321, 325, 327 (1959). This is so because in a criminal prosecution the defendant may be tried only for the offense charged in the information, and, therefore, evidence of other offenses committed by him is not admissible except when the previous offense (a) is a material fact to establish the commission of the crime charged; (b) when it is a part of the *res gestae;* (c) it shows motive, intent, premeditation, malice, or a common plan; or (d) forms part of the same transaction, *People* v. *Archeval*, 74 P.R.R. 478, 482 (1953).

 However, the facts of the present case do not require the application of the rule stated, since the jury did not have under consideration any information connecting codefendant Rivera Mateo with another *specific offense*. Moreover, in the instructions given no reference was made to this point and the presumption is that the jury was guided solely by those instructions in passing upon the question of guilt or innocence of the defendant. On the other hand, if we bear in mind that the prosecution involved four different persons, that the evidence showed that all of them acted in concert in the execution of the criminal act—particularly codefendant Rivera Mateo, who participated actively in the act of violent taking—and that the jury returned a verdict as to all of

them, any error in relation to the subsequent character of the offense, if committed, could not have been highly prejudicial to Rivera's individual character.

■ On the other hand, the error, if committed, was not prejudicial to the defendant since in pronouncing judgment the trial court obviously did not consider the subsequent degree, for it imposed upon him as well as on the other codefendants an indeterminate sentence from one to ten years' imprisonment in the penitentiary. If the subsequent character had been taken into consideration, as admitted by codefendant Rivera Mateo, the minimum term to which he could have been sentenced was ten years. (Section 56 of the Penal Code, 33 L.P.R.A. § 131; § 285 of the Code of Criminal Procedure, 34 L.P.R.A. § 816.)

We wish, however, to invite the attention of the court officers to prevent the repetition of acts such as those related here. The absolute purity of the causative proceeding is the best safeguard which the courts can afford to the accused. In addition to the measures adopted by the trial court as to the elimination of every reference in the information to the previous offense, the clerk could have ascertained by a brief inspection of the verdict forms that the adjective subsequent had been omitted.

IV

Appellants Pedro Aponte González and Lino Colón Peraza contend that the verdict of guilty returned against them is contrary to the evidence, since it was not established that they used force or violence to take from the prejudiced party the money allegedly stolen. Even though it was established that it was the other two codefendants, Blas Adorno Medina and Pedro Rivera Mateo, who intervened physically with the victim, it is no less true that the criminal act was the result of a carefully contrived plan whereby the four defendants, acting in common agreement and with particular audacity, allured the prejudiced party to the place where he was held

up. Pedro Aponte González pretended to be the rich agriculturist "Don Manuel González," who was interested in purchasing a business which Fernández Serra had for sale; Lino Peraza posed as the chauffeur of "González" when the latter visited Fernández in Ponce and invited him to come to San Juan. Furthermore, in the execution of the preconceived plot both participated at the meeting in which the coup de grace was carried out.

The mere presence at the scene of the crime, standing alone, is not sufficient to establish guilt, *People* v. *Flores*, 172 N.E.2d 640 (1961); *People* v. *Stanford*, 1 Cal. Rptr. 425 (1959), but this fact may be considered jointly with other circumstances surrounding the criminal act for the purposes of exacting liability, *People* v. *Carlson*, 2 Cal. Rptr. 117 (1960). It is not necessary, therefore, that the defendant personally execute the criminal act and his inactive presence is sufficient, provided his responsibility as coauthor may be established by prior acts, or as a result of a conspiracy in which he aided, *State* v. *Yoshida*, 361 P.2d 1032 (Hawaii 1961); *State* v. *Pundy*, 156 A.2d 193 (Conn. 1959); *People* v. *Lampkin*, 6 Cal. Reptr. 596 (1960); *State* v. *Slade*, 338 S.W.2d 802 (Mo. 1960); *Commonwealth* v. *Lawrence*, 163 A.2d 690 (Pa. 1960); or of a common plan, *State* v. *Tolias*, 326 S.W.2d 329 (Mo. 1959). In view of the facts related above, it must necessarily be concluded that both Aponte González and Colón Peraza are liable as coauthors, notwithstanding their inactive participation in the physical act of the violent taking of which the prejudiced party was victim. Section 36 of the Penal Code (33 L.P.R.A. § 82); *People* v. *Castro*, 75 P.R.R. 630 (1953); *People* v. *Rivas*, 68 P.R.R. 439 (1948); *People* v. *Gonzalo*, 47 P.R.R. 676 (1934); *People* v. *Méndez*, 39 P.R.R. 841 (1929); *People* v. *Paz*, 12 P.R.R. 98 (1907).

The last error assigned by the appellants is that the verdict is contrary to the evidence because the jury acted

with passion and prejudice in finding them guilty on the basis of the testimony of Ramón Fernández Serra, taking into consideration all the circumstances relating to the offense charged. We have carefully examined the evidence offered, and the evidence introduced by the prosecution supports the conclusion reached by the jury in its function of solving the conflict in the evidence. Obviously, no credit was given to the version of the defendants tending to establish that the prejudiced party was not the victim of robbery but rather that he lost the money in an illegal game in which he participated with them. This being so, we can not disturb the finding of the trial court. *People* v. *Cordero,* 82 P.R.R. 367, 375 (1961) ; *People* v. *Rodríguez,* 80 P.R.R. 287 (1958) ; *People* v. *Morales,* 79 P.R.R. 569, 575 (1956).

The errors assigned not having been committed, the judgments rendered by the Superior Court, San Juan Part, on May 5, 1958, will be affirmed.