EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ G. MARTÍNEZ LUCENA, acusado y apelante.

*Número:* CR-65-43      *Resuelto:* 7 de diciembre de 1965

*Luisa María Capó* y *Yamil Galib Frangie,* abogados del apelante; *J. B. Fernández Badillo, Procurador General,* y *J. F. Rodríguez Rivera, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

Se presentó acusación por el delito de homicidio involuntario contra el apelante José G. Martínez Lucena imputándole que en ocasión en que conducía un vehículo de motor, por su negligencia, descuido y falta de prudencia, arrolló a Bernardino Gutiérrez, ocasionándole la muerte. Como elementos de la falta de cuidado y circunspección alegóse que conducía el vehículo a una velocidad excesiva, que se desvió innecesariamente hacia la izquierda, no hizo uso de bocina o aparato de alarma alguno, e ignoró el ancho de la carretera y el tránsito de peatones por la vía pública.

Al exponer su teoría al jurado el fiscal ofreció probar, entre otras cosas, que Martínez "desvió el carro hacia la izquierda, a propósito, para tirarle el carro encima a un grupo de muchachas en son de broma" y que con anterioridad al día de los hechos "le había tirado el carro encima a una niña con el jueguito este de 'te voy a matar' y zigzagueando el carro." Inmediatamente la defensa solicitó se disolviera el jurado por el perjuicio que le causaba al acusado la mera referencia a sus actuaciones anteriores. El fiscal sostuvo que esa evidencia era pertinente como "parte de un plan, de un designio común de cometer homicidio involuntario." Luego de inquirir si se disponía de la prueba para establecer tal hecho y sobre la contemporaneidad de los actos—se indicó que ocurrieron en un período de alrededor de dos meses antes del accidente—la solicitud de la defensa fue declarada sin lugar. En el curso del proceso, mientras declaraba la testigo Migdalia Nazario, se reprodujo el reparo a la admisibilidad de testimonio al efecto de que en tres ocasiones anteriores el acusado le lanzó el carro encima en son de broma. El fundamento adu-

cido fue que procedía la exclusión de prueba sobre hechos delictivos anteriores del acusado, a menos que se intentara establecer el móvil, motivo o designio de la actuación por la cual se le juzgaba. Al ratificar su criterio, expresó el Tribunal:

"El Tribunal entiende, y en eso estamos conforme todos, que en Puerto Rico se ha resuelto que se pueden traer actos anteriores, actos de un acusado cuando con ellos se quiere establecer intención. Es el criterio de este Tribunal que en casos de homicidio involuntario la negligencia autora del daño, productora del daño es la intención criminal. No puede uno separar negligencia de intención criminal en estos casos. Luego si se puede probar la intención criminal trayendo actos anteriores de igual naturaleza realizados por el acusado, entiende el Tribunal que deben admitirse actos anteriores para probar el grado de negligencia productora del daño."

■ En el presente recurso de apelación los esfuerzos se concentran en el señalamiento de que se cometió error por el tribunal de instancia al permitir la referencia del fiscal en su expresión inicial al jurado y al admitir evidencia sobre anteriores actuaciones similares del acusado que constituyen infracciones de ley. Consistentemente hemos resuelto que en un proceso criminal el acusado solamente puede ser juzgado por el delito imputado en la acusación y, por tanto, no es admisible prueba sobre otros delitos por él cometidos, excepto cuando el delito anterior (a) es un hecho pertinente para establecer la comisión del crimen por el cual se le juzga; (b) forma parte del *res gestae;* (c) puede demostrar motivo, intención, premeditación, malicia o un designio común; o (d) forma parte de la misma transacción. *Pueblo* v. *Aponte González,* 83 D.P.R. 511, 517–518 (1961); *Pueblo* v. *Pérez Suárez,* 83 D.P.R. 371, 374 (1961); *Pueblo* v. *Fournier,* 80 D.P.R. 390, 411 (1958); *Pueblo* v. *García,* 78 D.P.R. 396 (1955); *Pueblo* v. *Archeval,* 74 D.P.R. 512 (1953); *Pueblo* v. *Román,* 70 D.P.R. 50 (1949); *Pueblo* v. *Arroyo,* 67 D.P.R. 36 (1947); *Pueblo* v. *Rodríguez,* 66 D.P.R. 317, 324 (1946);

*Pueblo* v. *Piazza,* 60 D.P.R. 575, 579 (1942); *Pueblo* v. *González,* 57 D.P.R. 744 (1940); *Pueblo* v. *Pérez,* 47 D.P.R. 765, 788 (1934). Presumiendo que en efecto se tratara en el presente caso de la comisión por el apelante de "otros delitos," parece claro que no era admisible la prueba pues no cae dentro de ninguna de las excepciones reconocidas que hemos enumerado. Pretender asimilar el elemento de negligencia del delito de homicidio involuntario con el de intención de matar del asesinato a los fines de enmarcar el caso dentro del supuesto de demostrar motivo, intención, premeditación, malicia o designio común es hacer caso omiso del fundamento mismo de la regla. No podemos convenir en una extensión tan amplia de una excepción a una regla de exclusión formulada para beneficio del acusado.

En verdad todo cuanto aconteció en el presente caso es un error de enfoque sobre el carácter de la evidencia ofrecida. Como hemos resuelto, no se trata de delitos anteriores para establecer intención. El recibo de la prueba sobre actuaciones anteriores del acusado sólo podría justificarse como evidencia de hábito. Réstanos, pues, considerar si era propiamente admisible como tal.

▪ Para los fines de la evidencia en causas civiles y criminales se entiende por hábito el comportamiento usualmente repetido de una persona en circunstancias similares. (¹) Wigmore, *On Evidence* (3ra. ed. 1940), vol. II, § 375 y ss.; Wharton's *Criminal Evidence* (12a. ed.), vol. I, § 232, pág. 495; McCormick *On Evidence* (1954), § 162; Código Modelo de Evidencia, R. 307(1), pág. 189. Cuando se intenta establecer la existencia de un hábito mediante ejem-

---

(¹) Aunque en muchas ocasiones se usan indistintamente, evidencia de hábito y evidencia de carácter no son términos sinónimos. En general, "carácter" significa el conjunto de rasgos de una persona y no se establece—como el hábito—mediante ejemplos específicos de la conducta de una persona. Véase, Jones *On Evidence,* vol. I, § 191; *Pueblo* v. *Díaz,* 61 D.P.R. 905 (1942).

plos específicos generalmente se requiere (a) que se produzca evidencia sobre un número suficiente de ejemplos que permitan una inferencia de una conducta sistemática; y (b) que estos ejemplos hayan tenido lugar bajo sustancialmente condiciones similares, para excluir así la posibilidad de meras coincidencias. Wigmore, *op. cit.* § 376, Código Modelo de Evidencia, R. 307(3), pág. 190. Hay jurisdicciones que excluyen absolutamente evidencia sobre los hábitos de una persona. La regla favorecida en California e Illinois, al igual que en otros estados, es la que la permite cuando el hecho que se intenta establecer no puede probarse mediante testigos oculares, asimilándose así a un supuesto de evidencia circunstancial. Blashfield, *Cyclopedia of Automobile Law and Practice*, vol. 9C, § 6191. Véase, además, Lewan, *The Rationale of Habit Evidence*, 16 Syracuse L. Rev. 39 (1964); Hurlbutt, *Proof of Conduct as Evidence of Negligence or Care*, 28 Albany L. Rev. 245 (1964); Nota, 10 Vand. L. Rev. 447 (1957). En Puerto Rico no hemos abordado el problema directamente aunque quizás haya ocasiones en que bajo alguna otra denominación hayamos admitido evidencia de hábitos.

▪ La evidencia sobre hábitos desempeña una función importante en la litigación civil, especialmente en los campos de contratos y responsabilidad extracontractual. No ha tenido un desarrollo igual en el proceso criminal, sin duda alguna por los peligros que entrañaría someterla a la consideración de un jurado susceptible de ser influido en sus determinaciones en forma indebida por consideraciones colaterales, como la existencia o no existencia de un hábito. Es por eso que al igual que lo que hemos invariablemente sostenido en cuanto a la evidencia de carácter o reputación, *Pueblo* v. *Arroyo*, 67 D.P.R. 36 (1946), no vacilamos en resolver que evidencia pertinente de un hábito del acusado es admisible cuando ésta la ofrece y que cuando la ofrece el fiscal, sólo es admisible después que el acusado haya presentado evidencia

del hábito. (²) Colocada en esta forma la iniciativa para introducir evidencia de hábito sobre el acusado nos cobijamos bajo el mismo *rationale* que permea la admisión de prueba sobre la reputación: evitar que se determine la responsabilidad criminal por elementos ajenos y extraños al delito que se juzga.

Bajo la regla expuesta tampoco era admisible prueba sobre actuaciones anteriores del acusado. Además, claramente el número de ejemplos no era suficiente para determinar la existencia de un hábito.

■ Ahora bien, aun cuando se incurrió en el error apuntado, un examen de la transcripción de evidencia nos convence que éste no fue tan perjudicial que conlleve la revocación de la sentencia. El resto de la prueba de cargo ofrecida fue robusta y convincente para establecer la negligencia y falta de cuidado y circunspección del apelante. El testimonio de tres testigos oculares estableció que el apelante conducía un vehículo en una zona escolar a velocidad mayor que la autorizada; que al acercarse al lugar donde está la escuela lo desvió para asustar a un grupo de escolares que se encontraba cerca de la verja del plantel; que perdió el control y arrolló a la víctima que discurría por el sitio destinado a peatones. Frente a esta prueba, sólo se produjo un intento débil mediante el testimonio del propio acusado de señalar que el accidente ocurrió mientras el acusado se desvió para evitar golpear a la víctima "que se iba a caer sobre el carro," "frené y quedé parado allí pero siempre el carro resbaló en una gravilla y . . . le dí con la parte de atrás." *People* v. *Crossan*, 261 Pac. 531 (1927), en que descansa el apelante, es distinguible, pues como se indica en la opinión la prueba sobre actuaciones anteriores fue extensa y la impresión que pudo causar al jurado pudo haber sido tal que produjera el vere-

---

(²) Esta norma no tiene equivalente en el Código Modelo de Evidencia en las Reglas Uniformes. Cf. Regla 305(4) de las del proyecto de Reglas de Evidencia sometido por el Tribunal Supremo a la Asamblea Legislativa.

dicto condenatorio, independientemente de la otra evidencia presentada (a la pág. 535, *in fine*). Lo expuesto dispone del señalamiento sobre la suficiencia de la prueba.

■ *Finalmente, aunque de ordinario no intervenimos con la discreción del tribunal sentenciador en la imposición de la pena, consideradas todas las circunstancias del caso, no creemos que se justifique la de tres años de cárcel. Se reducirá la pena a un año de cárcel, y así modificada, se confirmará la sentencia dictada por el Tribunal Superior, Sala de Mayagüez, en 26 de octubre de 1962.*