**People of the State of Illinois, Defendant in Error, v. Louis Flores, Plaintiff in Error.**

**Gen. No. 48,210.**

First District, Second Division.

February 21, 1961.

Robert P. Brandenberg and Francis J. Kennedy, of Chicago (Francis J. Kennedy, of counsel) for plaintiff in error.

■■■■■■■■■

Daniel P. Ward, State's Attorney of Cook county (Francis X. Riley and James J. Gasser, Assistant State's Attorneys, of counsel) for defendant in error.

MR. JUSTICE BRYANT delivered the opinion of the court.

Writ of Error to the Municipal Court of Chicago. The defendant was charged with malicious mischief, a violation of paragraph 425 of Chapter 38, Illinois Revised Statutes. In a trial by the Court, without a jury, he was found guilty and sentenced to the House of Correction for a period of one year.

The People's case is based on the testimony of the arresting officer. He received a call at about 2:00 a.m. on the morning of April 6, 1960 to proceed to the rear of a cleaning establishment at 4301 West Harrison Street, a block and a half away. Apparently, someone had broken one of the windows in the rear of the store. The officer testified that he saw the defendant getting into a Ford automobile and heading down the alley. The officer stopped him and noticed that his hands were dirty. Upon questioning, the defendant denied that he broke the window. A rock found on the ground by the window sill of the broken window was received in evidence.

The defendant says that the State did not prove him guilty beyond a reasonable doubt and that in fact, there was really no proof that he was guilty of the crime charged.

The defendant was working as a janitor in Northlake, Illinois. He left work with his foreman, George Ware, at about 1:35 a.m. in the morning and dropped him off at his home at about 2:00 a.m. Ware testified that they arrived at his home a few minutes past two. Ware's home is about a five minute drive from the scene of the crime. On the defendant's way downtown to pick up his wife, who gets out of work at 2:30 a.m., he drove by the alley to see if his recently

purchased 1949 Ford was still parked there. This car had been parked there, along with 15 to 20 other cars, and the defendant said that inasmuch as the car did not have plates or a sticker, he wanted to check to see if it hadn't been towed away. Apparently, this car had a bad battery and had to be towed there by the foreman's son, who sold him the car in the first instance. He says that he did not get out of the car at all and was only in the alley for about three minutes when he was stopped by the police.

The defendant's wife testified that she works at 37 South Wabash and gets out of work at 2:30 a.m. She said that the defendant is usually waiting for her in front of her place of employment when she gets out of work.

This innocent explanation for the defendant's presence at the scene of the crime is supported by the defendant's wife and his foreman, George Ware. The alley where the car was parked is in the general direction of the wife's place of employment, so it was not out of the defendant's way from Ware's home.

The State contends that the issue here is simply a matter of credibility, and since the trial judge was in a better position to determine the credibility of the witnesses, his findings should not be disturbed. The real issue here is whether the State proved the defendant guilty beyond a reasonable doubt.

■ ■ The Supreme Court's recent pronouncement in People v. Dougard, 16 Ill.2d 603, 607–8, 158 N.E.2d 596, is particularly applicable to this case.

> "We have consistently held in many cases over a long period of years that in criminal cases it is the duty of this court to review the evidence and, if there is not sufficient credible evidence or if it is improbable or unsatisfactory, or not sufficient to remove all reasonable doubt of defendant's guilt and create an abiding conviction that he is guilty, the conviction will be reversed.

It is the duty of this court to resolve all facts and circumstances in evidence on the theory of innocence rather than guilt if that reasonably may be done, and where the entire record leaves us, as this one does, with grave and substantial doubt of the guilt of the defendant, we will not hesitate to reverse the judgment."

■ ■ The only incriminating factor in this case is the defendant's presence at the scene of the crime. This alone is not sufficient to establish his guilt. The People v. Guardino, 13 Ill.2d 58, 62–63, 147 N.E.2d 338. As the court there said:

"To justify a conviction, circumstantial evidence must be of such a nature as to produce a reasonable and moral certainty that the accused committed the crime and where the circumstances can be explained upon a reasonable hypothesis consistent with innocence and leave a grave and serious doubt of guilt, a conviction cannot stand. (People v. Magnafichi, 9 Ill.2d 169; People v. Taylor, 410 Ill. 469; People v. Widmayer, 402 Ill. 143.) . . . It was incumbent on the People to prove not only that a crime was committed but also, beyond a reasonable doubt, that defendant was responsible for its perpetration. Because the proof failed in the latter respect, the judgment of conviction must be reversed. Moreover, since it does not appear that there are witnesses available other than those who have already testified, the cause will not be remanded for a new trial. People v. Sheppard, 402 Ill. 347; People v. Bradley, 375 Ill. 182."

The judgment is reversed.

Judgment is reversed.

BURKE, P. J. and FRIEND, J., concur.