(No. 36261.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIE D. GREEN, Plaintiff in Error.

*Opinion filed May 27, 1963.—Rehearing denied September 26, 1963.*

FRANCIS A. HEROUX, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and RICHARD T. BUCK, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The defendant, Willie D. Green, was indicted for the crime of attempted burglary. He was tried before the court without a jury, found guilty and sentenced to the penitentiary for a minimum of two years and a maximum of four years. On this appeal the defendant contends: (1) that an inadequate foundation was laid for the admission

into evidence concerning an examination of certain gloves allegedly taken from the defendant at the scene of the crime; (2) that the microanalyst who testified at the trial possessed inadequate qualifications to be competent as an expert witness; and (3) that the defendant was not proved guilty beyond a reasonable doubt.

Alvin Whitehead testified that on November 20, 1959, at 4:00 o'clock P.M. Pop's Liquors, Inc., that he managed, was closed, the doors locked, the A.D.T. alarm system set and, after the system was checked and a signal from same received back, he, the porter and the bartender left the premises. He stated that at 1:30 A.M. on November 21 he returned and found an A.D.T. officer in front of the store. They entered the store and found "the wooden and wire grill work on the window broken, the glass of the door broken * * *". This witness testified that the banister on the outside basement stairs was painted black, although he also stated that he had "no occasion to spend time in the back of the building."

A police officer, Lawrence Cusack, testified that about 1:30 A.M. he arrived at the store and upon checking the area behind the store, which he testified was very dark, found the defendant in a stair well leading down to the basement, the banister of which he also stated was painted black. The defendant told Cusack that he went behind the liquor store because he needed to relieve himself and pointed out to the police officer where he had so relieved himself. Upon investigating this location the officer found a "stool" which he described as "all dried up". The officer testified that when he first noticed the defendant he was trying to put a pair of brown gloves into his pocket which gloves the officer took from the defendant. Cusack then observed that the bars on the rear window of the liquor store, which he stated were painted a rust color, were bent and the inner portion of the glass broken.

The officer testified that he noticed rust colored stains

on the defendant's gloves which, along with some paint scrapings from the window bars, were taken to the station. There Cusack inventoried these items and "sent" them to the crime laboratory, by what method the record does not disclose.

A microanalyst from the crime laboratory, Claude B. Hazen, testified that he had attended various universities and had studied and later lectured on the subject of forensic microanalysis, including the identification of paint and glass, and had, conservatively, made over two thousand prior analyses similar to the one involved in this case. Clearly Hazen had the necessary experience, special learning, training and knowledge to qualify as an expert witness on the subject of forensic microanalysis. (*People* v. *Fiorita,* 339 Ill. 78.) He testified that on November 21, 1959, he received a pair of gloves that were stained with rust colored substances and some rust colored paint scrapings in a separate container; that he examined both the gloves and paint scrapings under a microscope and caused a spectographic examination of same to be made under his direction; that based upon these examinations his opinion was that the substance found on the gloves and that taken from the separate container were similar visually and constituted similar metallic elements. He identified the gloves and paint that were received into evidence, and upon which he had previously placed identifying marks, as the same ones he had examined. Prior to the trial these exhibits were retained in the laboratory in a filing room where "this kind of evidence is kept."

The defendant testified that prior to the time he went behind the liquor store, which he stated was not later than 1:00 A.M., he observed two men leaving the alley. He claimed that he went there solely for the purpose of relieving himself and had gone down the stair well to retrieve certain articles that had fallen from his overcoat pocket. This coat allegedly had been placed by him on the railing around the stairs after the defendant wiped this railing off

with his gloves. The defendant denied that he broke any window on the liquor store, bent any bars covering any such window, or otherwise attempted to break into the store.

After the court announced its decision and prior to sentencing, the defendant volunteered that he had been previously convicted of armed robbery in New York. He also stated for the first time that after he was apprehended by the police officer the latter shined his flash light around and could not find anything wrong and that the police officer simply asked if he had bumped into the door hard enough to cause the A.D.T. alarm to go off.

Officer Cusack testified that the defendant's gloves and paint samples taken from the bars covering the broken window were taken by him to the police station and thereafter delivered to the police laboratory. The microanalyst, Hazen, testified that he received these items on November 21, 1959, examined them, and that after his analysis and prior to trial they were stored in a filing room where evidence of this nature is customarily retained. There was no affirmative evidence or suggestion of tampering or substitution. Furthermore, the gloves that were admitted into evidence were identified by officer Cusack as the ones that he took from the defendant and by Hazen as the ones that he examined, which defendant does not deny. Cusack also testified that these gloves did have the rust stains on them at the time the defendant was apprehended, which the defendant similarly does not deny. Under these circumstances it is our opinion that a sufficient foundation was laid for the admission into evidence of these gloves and the paint samples as well as the microanalysis of the same performed by Hazen. *People v. Harper,* 26 Ill.2d 85.

In determining the question of the defendant's guilt the reasonableness of his explanation for being at the scene of the attempted break-in about the time of its occurrence was for the consideration of the trial judge, (*People v. Spagnolia,* 21 Ill.2d 455) who specifically noted that the

defendant's explanation represented a rather "weak excuse" for his presence at the scene of the crime. In our opinion this finding was fully justified by the evidence and the defendant's guilt was proved beyond a reasonable doubt. The judgment of the criminal court of Cook County is, therefore, affirmed.

*Judgment affirmed.*