THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT DAVIS, Defendant-Appellant.

(No. 58264;

First District (2nd Division)—March 31, 1975.

Paul Bradley, and Laurence A. Benner, both of the State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Barry Rand Elden, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

Robert Davis, 20 years of age, waived trial by jury. He was found guilty of attempt to commit theft and criminal damage to property. The court sentenced him to concurrent terms of 1 year in the Illinois State Farm in Vandalia. In this appeal, he presents two issues. (1) Was there sufficient evidence to sustain the convictions? (2) Was he denied effective assistance of counsel at his trial?

We have reviewed the evidence favorably to the State, and it is our judgment that the evidence was not sufficient to sustain the convictions. We reverse.[1]

## I.

### The facts and the evidence

On August 10, 1972, at about 7:30 P.M., John Thomas, owner of a small grocery store at 3925 West Huron Street in Chicago, closed his place of business for the night. The windows were intact; the doors were locked. Five hours or so later, at about 1 A.M. the next morning, Thomas was called to the store and discovered that the front window was broken, a cash register missing and that $55 to $75 had been taken. Scattered all over the floor were money and pieces of paper.

At about 12:30 A.M., just before Thomas was called, Investigator Thomas Arens and his partner drove by the store and noticed the broken front window. The two left their car; Arens remained in front of the building while his partner went through an alley to the rear. "Approximately a minute and subsequently shortly thereafter [sic] * * *," Arens' partner called him. Arens went to the rear of the store and found his partner with two men in custody. They were Robert Davis and Tommy Esco who were standing "[i]n the backyard, right behind the opened door" that led out of the rear of the grocery store. Arens did not witness the arrest nor did he see Davis and Esco come out of the store. The two prisoners were searched, but "[n]othing pertinent to the offense[s]" was found on either of them. The cash register was not found, nor were the $55 to $75.

Arens, however, noticed that "* * * Esco had small particles of glass

---

[1] Therefore, it is unnecessary that we resolve the remaining issue.

imbedded in both hands," and on Davis' right palm "* * * there was a slight laceration." Both men were taken to a police station and were later charged with burglary of the Thomas grocery store. They were brought to court, and the public defender was appointed to represent him. After the cases were passed, the charges were again called when the State requested and was granted leave to file two misdemeanor complaints against each defendant. One charged attempt to commit theft; the other, criminal damage to the Thomas grocery store. The trial proceeded with the State presenting evidence that consisted of two photographs of the burglarized premises, the testimony of Thomas and that of Arens. The officer who arrested Davis and Esco did not testify.

The two defendants were the only defense witnesses. Esco told the court that he was arrested by Arens' partner and taken to the rear of the alley as he was walking past the Thomas grocery store. Davis said that he entered the alley and was accosted by an officer who drew a gun and arrested him. Both defendants testified that they were on their way to visit a friend who lived nearby. The State did not offer any rebuttal.

After hearing the evidence and denying defendants' motions for direct findings of not guilty, the trial court ruled that although the State's case against Davis and Esco was entirely circumstantial and that he would have agreed with defense counsel's arguments for the acquittal of both accused, "* * * except for the glass * * * there was no way of [defendants] going in there without obtaining some glass on their bodies unless they flew through and, therefore, the Court believes that with all the facts and—there will be a finding of guilty on both charges [sic]." Thereafter, both defendants were sentenced. Only Davis appeals his convictions.

## II.

### The law and our conclusions

It is clear that the State's case against Davis and Esco was based on evidence entirely circumstantial. No one saw them break the window of Thomas' grocery store. No one saw them either enter or leave the premises. No State witness knew either the exact place or circumstance of their arrest. The decisive facts were those given in Arens' testimony in which he described seeing the two defendants in his partner's custody near the opened rear door of the grocery store, Esco with pieces of glass in his hands, Davis with a laceration in his right palm. Therefore, this is a case in which support for the convictions we review is circumstantial evidence.

■ Circumstantial evidence is legal evidence, and where strong and convincing in character, it is sufficient to support a conviction. (*People*

*v. Hendron*, 384 Ill. 529, 533-34, 51 N.E.2d 702; see *People v. Tornabene*, 18 Ill.App.3d 836, 310 N.E.2d 708.) However, to warrant a conviction on circumstantial evidence, the facts proved must so thoroughly establish the guilt of the person accused that it excludes every reasonable hypothesis of his innocence. *People v. Dougard*, 16 Ill.2d 603, 607, 158 N.E. 2d 596; *People v. Turner*, 13 Ill.App.3d 1079, 302 N.E.2d 365.

In this case, the State did not prove an unsuccessful attempt to commit a theft in Thomas' grocery store. It proved a burglary, one that involved the successful nocturnal theft of a cash register and of money totalling $55 to $75. It was the State's theory, one which the trial court accepted, that Davis and Esco were the persons who broke the grocery store window, went through the premises and were apprehended by Arens' partner just as they emerged through the opened rear door. The State's evidence included proof that neither the cash register nor the missing money was found in the possession of the two men. In fact, as far as the record before us is concerned, these items of Thomas' property have never been recovered. In our judgment, the State proved too much. Implicit in this proof was the suggestion, a strong one, that some person or persons, other than Davis and Esco, broke the grocery store window, went in, took the cash register and the $55 to $75.

■■ This is not a case in which an accused was found near the proceeds of an attempted burglary or theft. (See *People v. Diaz*, 1 Ill.App.3d 988, 275 N.E.2d 210.) Nor is this one in which comparison forensic evidence connected an accused with the scene of a crime. (Compare *People v. Green*, 28 Ill.2d 286, 192 N.E.2d 393; *People v. Bey*, 42 Ill.2d 139, 246 N.E.2d 287.) For these reasons, Arens' testimony, no matter how favorably it is construed for the State, did not prove, beyond a reasonable doubt, that Davis, either alone or with others, committed the crimes against Thomas' property. The officer who arrested him, and who perhaps could have furnished relevant testimony, was not called to testify. As a result, Davis' version of his arrest was uncontradicted. It could not be disregarded. (*People v. Jordan*, 4 Ill.2d 155, 122 N.E.2d 209.) Therefore, we conclude that the State's evidence did not prove defendant guilty beyond a reasonable doubt. (*People v. Guardino*, 13 Ill.2d 58, 147 N.E.2d 338; *People v. Flores*, 29 Ill.App.2d 151, 172 N.E.2d 640; *People v. DiVito*, 66 Ill.App.2d 282, 214 N.E.2d 320.) His convictions cannot stand.

Reversed.

STAMOS and HAYES, JJ., concur.