THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DWIGHT BANKS, Defendant-Appellant.

(No. 60109;

First District (4th Division)—May 14, 1975.

James J. Doherty, Public Defender, of Chicago (Thomas F. Finegan, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Linda Ann Miller, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

The defendant, Dwight Banks, was charged with theft under $150 in violation of section 16—1(a)(1) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(a)(1).) After a bench trial, he was found guilty and sentenced to probation for 1 year. On appeal defendant contends that the State failed to prove his accountability beyond a reasonable doubt.

On July 20, 1973, a Chicago police officer, Morris Brown, observed three persons in the vicinity of a bicycle rack outside the Standard Oil Building, 250 E. Lake Street, Chicago. One of the persons was sitting on a curb. The defendant, Banks, was standing approximately 5 to 10 feet from the rack. A third person, Otis Townsend, was walking away from the rack. As he walked, Townsend was placing a bolt cutter into a bag when Banks also began walking. Officer Brown arrested all three persons. A steel lock "snapped from its chain" subsequently was found next to the bicycle which was the object of the alleged theft.

Officer Brown testified that he never saw Banks touch the bicycle and that Banks was 5 to 10 feet away from the bicycle rack. Banks testified that Otis Townsend had mentioned to Banks that he (Townsend) was trying to retrieve his cousin's bicycle. Banks further stated that he neither noticed nor helped Townsend remove the chain from the bicycle. Townsend testified that he had mentioned to the defendant that he (Townsend) was trying to get his cousin's bicycle because the cousin had lost the key for it.

The defendant contends that the State failed to adduce sufficient evidence to prove that the defendant was legally accountable for the alleged theft of the bicycle.

■■ A person is accountable for the conduct of another when: "(c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense." (Ill. Rev. Stat. 1967, ch. 38, par. 5—2(c).) Though one may aid and abet without actively participating in the offense, mere presence is not sufficient to make a person accountable for another's criminal act. *People v. Bowman* (1971), 132 Ill.App.2d 744, 270 N.E.2d 285.

■■ The conviction must be reversed. The defendant did nothing overt to assist Townsend in removing the bicycle. Officer Brown testified that "all he [defendant] was doing, was standing there."

■■ The State argues that the defendant must have known of Townsend's criminal activity and was acting as a "lookout." Presence plus knowledge that a crime was being committed, without more, are insufficient to establish accountability. (*People v. Dalton* (1934), 355 Ill. 312, 189 N.E. 265; *People v. Washington* (1970), 121 Ill.App.2d 174, 257 N.E.2d 190; *People v. Ramirez* (1968), 93 Ill.App.2d 404, 236 N.E. 2d 284.) Even without this rule, however, the State failed to establish defendant's knowledge of Townsend's criminal conduct.

For the reasons given, this court believes that the defendant's accountability for Townsend's alleged criminal offense was not proven beyond a reasonable doubt. Therefore, the conviction of the defendant, Dwight Banks, must be reversed.

Judgment reversed.

DIERINGER, P. J., and JOHNSON, J., concur.