THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EUGENE THOMPSON *et al.*, Defendants-Appellants.

First District (1st Division) Nos. 61879-80 cons.

Opinion filed December 22, 1975.

James J. Doherty, Public Defender, of Chicago (Anthony Pinelli, Assistant Public Defender, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Linda Ann Miller, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SIMON delivered the opinion of the court:

The defendants, Eugene Thompson and James Brown, were convicted in a bench trial of theft of property having a value of less than $150 and sentenced to 9 months in the House of Correction. Their sole argument on appeal is that the evidence did not prove their guilt beyond a reasonable doubt.

The defendants were arrested at 2:30 a.m. in the company of Willie Harrison, who was tried jointly with the defendants, but his conviction is not before us on appeal. The evidence established that a battery was stolen from a car belonging to Leona Begley between 5 p.m. and 2:30 a.m. on January 22, 1975. Miss Begley, a witness for the State, identified a Sears 12-volt battery as one belonging to her. The only other witness for the State was Officer Raymond Tracey who received a call at approximately 2:30 a.m. on January 22 concerning suspicious men in an alley in the area of Miss Begley's car. He proceeded to the alley where he saw the defendants and Harrison. Officer Tracey testified that Brown was carrying one automobile battery, that Willie Harrison was carrying the battery later identified as belonging to Miss Begley and

that Thompson who was with them, dropped a pair of pliers. When asked about the batteries, Harrison stated that he had bought the batteries from a fellow on Halsted. Officer Tracey testified Thompson "just stated that he had nothing to do with anything," and that he did not ask Brown what he was doing in the alley at that time of night. Neither Miss Begley nor Officer Tracey saw Thompson or Brown take the battery from her car.

The defendants and Harrison all testified at their joint trial. Harrison testified that he had been in the alley drinking with the appellants on the morning of January 22 when a passing stranger offered to sell him two batteries, including the one stolen from Miss Begley's car. Harrison purchased the batteries but testified that appellants Brown and Thompson took no part in the transaction. Harrison testified that he asked Brown to help him carry the batteries to a phone booth so he could call someone to give him a ride. Thompson and Brown also testified that they had been drinking in the alley with Harrison and that Harrison purchased the batteries from a stranger. Both disclaimed any interest in the batteries.

■■ To sustain a conviction of theft the State must prove beyond a reasonable doubt that the property was in fact stolen and that the defendants knowingly exerted control over the stolen property intending to deprive the owner of its use. The State did establish that the battery was stolen, but proved no more than that defendants Brown and Thompson were in the company of Harrison who was carrying the stolen battery. The mere presence of defendants in the alley with Harrison even with knowledge that a crime had been committed, without more, is insufficient to establish accountability. (*People v. Banks* (1975), 28 Ill.App.3d 784, 329 N.E.2d 504; *People v. Davis* (1975), 27 Ill.App.3d 288, 326 N.E.2d 470.) The evidence against the defendants was entirely circumstantial. It is well established that "[t]o justify a conviction, circumstantial evidence must be of such a nature as to produce a reasonable and moral certainty that the accused committed the crime." (*People v. Magnafichi* (1956), 9 Ill.2d 169, 173, 137 N.E.2d 256, 258; *People v. Davis* (1975), 27 Ill.App.3d 288, 326 N.E.2d 470.) The evidence against Thompson and Brown does not meet this standard of proof.

■■ The State argues that the evidence was sufficient to sustain the convictions because the story told by defendants that Harrison bought two batteries from a stranger as they stood drinking in an alley was incredible. Even if this story was unbelievable, the State must still prove that Thompson and Brown exercised some control over the stolen prop-

erty to sustain its burden of proof. Deference to a trial court's appraisal of the credibility of witnesses does not excuse this court's duty to examine the evidence to determine whether guilt has been established beyond a reasonable doubt. (*People v. Cortez* (1975), 26 Ill.App.3d 829, 326 N.E.2d 232.) However, in this case the defendants' testimony was uncontradicted and presented a hypothesis of innocence which was not overcome by the evidence offered by the State. In a large city there are areas where people remain on the streets and even drink in alleys at all hours of the day and night. It is not incredible that in such areas car batteries and other items, which are probably stolen merchandise, can be bought cheaply in the middle of the night.

■■ However, even if the defendants should have known that the car batteries were stolen, their uncontradicted testimony was that they did not steal Miss Begley's battery and had nothing to do with buying it. In this respect this case is similar to *People v. Banks* (1975), 28 Ill. App.3d 784, 329 N.E.2d 504, where the defendant was arrested in the proximity of a severed bicycle chain with a companion who possessed a bolt cutter. The court held that the defendant's mere presence at the scene, even with the knowledge that a crime was being committed was insufficient to make the defendant accountable for his companion's conduct. The charge against the defendants in this case is theft and not receiving stolen property, a distinct offense. (*People v. Malone* (1971), 1 Ill.App.3d 860, 275 N.E.2d 236.) There was no evidence in this case that either Thompson or Brown participated in the theft, had any control over the battery after it was stolen, knew the battery to be stolen or specifically intended to aid Harrison in the theft. Defendants, therefore, cannot be held accountable for theft of the battery by Harrison.

The position of the State is that Harrison was found guilty of theft because his story that he purchased the batteries from a stranger was incredible, and since the defendants' explanation corroborates the unbelievable story of Harrison, they also lied and must have been with and helped Harrison steal the battery he was carrying. A conviction which rests upon such a tenuous chain of assumptions and inferences should not be upheld. The inferences advanced by the State do not remedy the lack of proof with respect to the culpability of the defendants. A conviction can be sustained only on the strength of the State's case and not on the weaknesses of the defendants' case. (*People v. Hutchinson* (1964), 50 Ill.App.2d 238, 200 N.E.2d 416.) If Harrison stole the battery he was carrying when arrested, there is no proof that Thompson or Brown assisted him in any way in the theft. Because the State failed to prove the defendants guilty beyond a reasonable doubt, we reverse their convictions.

Judgments reversed.

BURKE, P. J., and GOLDBERG, J., concur.