THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS F. CURTIS, JR., *et al.*, Defendants-Appellants.

Fourth District   No. 13449

Opinion filed February 10, 1977.—Rehearing denied March 11, 1977.

Richard J. Wilson, Richard J. Geddes, and Richard E. Cunningham, all of State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (Thomas F. Sonneborn, Assistant State's Attorney, and Dennis S. O'Brien, law student, of counsel), for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Defendants Thomas Curtis, Jr., Larry Whitmore and Ralph Romaker were found guilty by a Sangamon County jury of burglarizing John Kopatz's service station in Springfield on December 5, 1974. Each defendant was sentenced to 1 to 7 years in the penitentiary.

At trial, Officer Alan Daley testified that he first saw defendant Romaker and John Oliver standing on the sidewalk in front of the Kopatz Service Station at 12:30 a.m. on December 5, 1974. Daley was suspicious and requested to be assisted by a plain car. Within five minutes, Officers Tolly and Barnett drove past the station in a plain car and they noticed that a window had been broken out. These same officers then observed four men in a parking lot one-half block from the station working on a car with its hood raised. Two of these men matched the descriptions that had been radioed by Daley. Tolly and Barnett parked their car a quarter of a block away and observed the four men through binoculars. They saw two men working under the hood while the two others opened the trunk and removed two cases of soda and a wastebasket. One of the two men near the trunk was identified by Officer Barnett as John Oliver. Barnett testified that Oliver took the soda cases and wastebasket away from the car out of his sight, then returned without them. Officer Tolly testified that the man whom he observed carrying the soda cases and wastebasket was not one of the defendants but was unable, as was Barnett, to identify any

of the defendants as the man who assisted Oliver in unloading these items from the trunk.

After Tolly and Barnett observed the four men leaving the parking lot on foot, they checked the parking lot and discovered two cases of soda, a wastebasket, a battery charger and some handtools hidden in the bushes adjacent to the lot. Tolly and Barnett then went to Kopatz's Service Station and discovered that the front door had been forced open. They then returned to the parking lot just as another car pulled up and its passengers, the three defendants, John Oliver and Curtis' father, got out and proceeded to jump start the first car. The defendants and Oliver drove off in the first car but were stopped and arrested within minutes by other officers. The car was driven by Whitmore and belonged to his girlfriend.

Kopatz testified that he received a call from the police in the early morning of December 5, 1974. He went to his station and observed that there had been a burglary. At the police station, he identified the two cases of soda, the battery charger, the tools and wastebasket as items belonging to him which had been inside his station when he locked up approximately 6:30 p.m. the evening of December 4.

On appeal, defendants claim that they were not convicted beyond a reasonable doubt. Specifically, they argue that the evidence adduced at trial failed to support the State's theory that the defendants were guilty because they were in exclusive, recent and unexplainable possession of recently stolen property.

While the State argues that all three defendants are guilty based on the inference arising from recent possession of stolen property, we detect two shortcomings in that line of reasoning. First, the proof is insufficient to raise any inference of guilt just because the police found wrenches in the back seat of Whitmore's car. At trial, Kopatz did not identify any of the wrenches allegedly stolen. His only identification was made at the police station the morning of the burglary. Kopatz testified that he was shown some wrenches by the police and that he identified them as his own. But there was no proof whether the wrenches he identified were ones recovered from the bushes or those found in Whitmore's car. Without clear proof on this point, the jury had no right to infer that the wrenches found in Whitmore's car were stolen.

■■ Second, when the defendants were arrested, they were not in possession of the soda cases, battery charger, wastebasket or tools identified by Kopatz as those stolen from his station. The only evidence of possession springs from the testimony of Tolly and Barnett that they saw Oliver and another unidentified person removing these items from the trunk of Whitmore's car. The officers both testified that two of the four persons they were observing were working under the hood while Oliver and some other person removed the stolen items from the trunk. While it

is true that recent, unexplained and exclusive possession of stolen property may permit an inference of guilt in burglary cases (*People v. Garrett* (1969), 115 Ill. App. 2d 333, 253 N.E.2d 39; *People v. Ray* (1967), 80 Ill. App. 2d 310, 225 N.E.2d 467), we do not feel that the facts here warrant such an inference because the factor of "exclusive" possession has not been met. There was no proof that the two suspects working under the hood were in possession of, or for that matter even aware of, the stolen goods in the trunk of Whitmore's car. All three defendants testified consistently that they had not been together as a foursome until after Whitmore's car stalled in the parking lot. Romaker and Curtis claimed to have been with Oliver all evening except for times when they split up as they were walking in the vicinity searching for Romaker's wife's stolen car. Whitmore testified that he was alone, out to buy some beer, when his car lights dimmed and he was forced to pull into the parking lot where his car then stalled. Thus, we have no proof that Curtis or Romaker were with Whitmore prior to when they were seen with him attending his car in the parking lot near the Kopatz station.

All of the defendants denied any knowledge of any burglary and they argue that there was a failure of proof beyond a reasonable doubt that any of them are guilty within the terms of the statute defining accountability (Ill. Rev. Stat. 1973, ch. 38, par. 5—2(c)(2)). To establish accountability there must be proof (1) that defendant solicited, aided, abetted, agreed or attempted to aid another person in the planning or commission of the offense; (2) that this participation on his part must have taken place either before or during the commission of the offense; and (3) that it must have been with the concurrent specific intent to promote or facilitate the commission of the offense. (*People v. Tomer* (1973), 15 Ill. App. 3d 309, 311, 304 N.E.2d 129, 130.) Obviously, in the present case the State's proof is all circumstantial—a burglary was committed, the defendants were in the vicinity and were seen with John Oliver who was positively identified as removing stolen goods from the car Whitmore had been driving. Nobody knows who entered the service station, but in order to convict, the jury had to find that either all of the defendants broke into the building with the intent to commit a theft or that one or two defendants or John Oliver did so while the others participated during the commission of the offense with the required criminal intent.

■■ It is well established that to justify a conviction, circumstantial evidence must produce a reasonable and moral certainty that the accused committed the crime. (*People v. Magnafichi* (1956), 9 Ill. 2d 169, 137 N.E.2d 256.) The evidence against Curtis and Romaker does not meet this standard of proof. As to them, there was not sufficient proof that they had "exclusive possession" of any stolen property as required in order for the jury to possibly infer guilt of burglary. The State proved no more than

that Curtis and Romaker were in the company of Whitmore, in whose car the stolen goods were stored, and Oliver, who was positively identified as taking stolen goods out of the trunk of the car. The mere presence of Curtis and Romaker is insufficient to establish accountability even if they had knowledge that the crime had been committed. *People v. Dalton* (1934), 355 Ill. 312, 189 N.E. 265; *People v. Banks* (1975), 28 Ill. App. 3d 784, 329 N.E.2d 504; *People v. Thompson* (1975), 35 Ill. App. 3d 105, 340 N.E.2d 631.

■■ With respect to defendant Whitmore, the evidence was stronger. Oliver was seen along with an unidentified suspect, removing the stolen property from the trunk of the car Whitmore had been driving. Whitmore testified that, although the car belonged to his girlfriend, he had been using it. On these facts we find that it was reasonable to infer that Whitmore had recent, exclusive possession of the property stolen from Kopatz's station. In addition, Whitmore's testimony did not explain away the fact that the stolen property was taken from the trunk of the car he had been using. The burglary had to have occurred between 6:30 p.m. and 12:30 a.m. and Whitmore gave no reasonable explanation, consistent with his contention of innocence, of how the stolen goods got into the trunk during that time without his knowledge and concurrence. We believe that since Whitmore admitted exercising control over the car, stolen goods contained in that car could be said to have been in his possession. No reasonable explanation having been given by Whitmore, the jury could properly find Whitmore guilty of burglary.

For the above stated reasons, the convictions of defendants Ralph Romaker and Thomas Curtis, Jr., are reversed, and the conviction of Larry Whitmore is affirmed.

Affirmed in part; reversed in part.

GREEN and MILLS, JJ., concur.