THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WENDELL VERSHER, Defendant-Appellant.

First District (1st Division)   No. 76-1061

Opinion filed August 22, 1977.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Defendant, Wendell Versher, was found guilty of criminal damage to property (Ill. Rev. Stat. 1975, ch. 38, par. 21—1(a)) after a bench trial in the circuit court of Cook County. He was fined $200 and assessed costs of $5. The issue for review is whether defendant was proved guilty beyond a reasonable doubt.

The complaining witness, Alma Roach, testified that on September 22, 1975, at about 9:15 p.m., she returned to her home at 14102 Grace Street in Robbins and went in the side entrance. When she heard her dog barking and heard something fall inside, she went around to the front entrance and saw someone running out the door. This person ran across the street and slowed down by a duplex with a light in the back. A neighbor called the police and Alma Roach gave a description of the intruder as being approximately 5 feet 5 inches to 5 feet 7 inches tall, weighing 140 to 150 pounds, wearing a black leather coat and holding a large paper bag in his hand.

About 10 minutes after she talked to the police, they returned with defendant and she identified him. She stated that prior to leaving home that evening there was no damage to the front door, but when she returned, the storm door was torn off and the front door was damaged. She also testified she did not see the face of the intruder, and there were marks on the front door indicating that a sharp object had been used.

Donald Fuqua, an officer of the Robbins Police Department, testified that after conversing with Alma Roach, he observed defendant, who was wearing a black leather jacket, running southbound approximately two blocks from the complainant's home. The officer stopped him and asked

him his name and where he was coming from. Defendant stated he was running from Harvey and was going to his brother's home. Defendant voluntarily accompanied the officer back to Alma Roach's home, where she identified him as being the intruder. After the officer advised him of his rights, defendant stated he did not commit the crime and was running from the suburb of Harvey. The officer stated he did not find a brown bag on defendant.

Defendant's brother, who lives about three blocks from Alma Roach, stated that he expected his brother to visit him on the evening of September 22, 1975, but he never arrived. They had planned to watch a football game on television which started at 8 p.m. Defendant testified he was coming from Harvey, a suburb to the southeast of Robbins, and was late in leaving his home. He left at 8:10 p.m. so he could arrive at his brother's by 9:30 p.m.

■■■ The testimony of one witness is sufficient to convict even if contradicted by the accused only if the witness is credible and was able to view the defendant under circumstances which permitted a positive identification. (*People v. Knippenberg* (1975), 33 Ill. App. 3d 971, 338 N.E.2d 885; *People v. Echoles* (1976), 36 Ill. App. 3d 845, 344 N.E.2d 620.) Where a conviction is based on circumstantial evidence, the evidence relied on must produce a reasonable and moral certainty that the accused is guilty of the crime charged. (*People v. Thompson* (1975), 35 Ill. App. 3d 105, 340 N.E.2d 631.) A conviction will only be sustained if all the evidence taken together, including direct and circumstantial evidence, satisfies the trier of fact beyond a reasonable doubt that defendant is guilty. *People v. Lindsey* (1976), 38 Ill. App. 3d 932, 350 N.E.2d 205.

In this case, the complaining witness testified she saw the intruder run out of the house, cross the street and slow down under a light, but she did not say how close she was to him. She admitted she could not see his face. She was able to identify him only by the fact that he was short and wore a black leather jacket, a common mode of dress. In the case of *People v. Moore* (1972), 6 Ill. App. 3d 932, 287 N.E.2d 130, the defendant was identified on the basis that he wore a white T-shirt, khaki pants and white gym shoes, and the court stated:

> "Courts will take judicial notice of the variety, conventionality and utility in modes of dress. * * * [W]e judicially notice* * * white t-shirt, khaki trousers and white gym shoes are a frequently used mode of masculine dress. It is common knowledge that a frequently used mode of dress can be seen on more than one person in the same general area." (6 Ill. App. 3d 932, 936 n.2.)

Also see *People v. Reed* (1968), 103 Ill. App. 2d 342, 243 N.E.2d 628, in which the court reversed the conviction where it appeared that the

identification by the complaining witness was made solely on the basis that defendant wore a dark coat.

■■ It is also significant that defendant was stopped by police about two blocks from Alma Roach's house and approximately a block from his brother's house. Had defendant committed the crime, it is clear he could have run to his brother's house in less than the 10 minutes it took to apprehend him. Furthermore, defendant when arrested did not have either a brown paper bag or any kind of instrument which could have made the marks found on Alma Roach's front door. Although there are circumstances in this case which create a suspicion of guilt, we find that the reasonable doubt standard has not been met.

The judgment of the circuit court of Cook County is reversed.

Reversed.

GOLDBERG, P. J., and McGLOON, J., concur.