THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MARY MANCL *et al.*, Defendants-Appellants.

Third District   No. 76-513

Opinion filed December 14, 1977.

42

Joseph C. Polito, of Kozlowski & Polito, of Joliet, for appellants.

Edward Petka, State's Attorney, of Joliet (Daniel J. Rozak, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal is brought by the defendants, Mary Mancl and John Nieto, from a judgment of conviction in the Circuit Court of Will County. Nieto was convicted of the unlawful delivery of more than 200 grams of amphetamines and Mancl was convicted of aiding and abetting the delivery. The facts in this case are the same as those in *People v. Sickles* (3d Dist. 1977), 55 Ill. App. 3d 35, 370 N.E.2d 660, and since the facts are set out fully in that opinion, we choose not to iterate them here. In addition, the issue raised in this appeal which coincides with the issue raised in *Sickles* is decided in accordance with the reasoning set forth in our decision of *Sickles*, and for that reason, this opinion will not reconsider the issue decided in the *Sickles* opinion.

The only issue in this appeal which involves Nieto is whether the trial court erred by failing to suppress as evidence money taken from his person.

Prior to the trial the defendant John Nieto filed a motion to suppress as evidence the money taken from his person by Agent Malinowski. Agent Malinowski testified that he maintained surveillance of the residence during the purchase by Agent Egan. At approximately 11 p.m. he entered the residence to assist in effectuating the arrest of the defendants. He arrested John Nieto and Mary Mancl inside the residence and then searched their persons. It took him approximately 20 minutes to search Mancl and Nieto and three other individuals that were in the residence.

Malinowski testified that before Agent Egan left Egan told him that Nieto and the other individual went into the bedroom while he waited in the kitchen. He testified that he did not discuss the money with Egan. He also stated that Egan did not tell him where the money was in the house or who had the money. He knew that Egan went to the apartment with money and that he left without money.

He said after searching Nieto he asked Nieto if he wanted to take anything with him, change his clothes and take money for bond. Nieto told him that he was going to his top dresser drawer to get some socks. Malinowski went with Nieto to the dresser. Nieto removed some socks and some paper currency from one of the dresser drawers. Malinowski then took the currency from Nieto and subsequently compared the currency against the money lists which were used in the afternoon and evening transactions. Of the money taken from Nieto, $200 consisted of prerecorded bills from the afternoon transaction and $120 from the evening transaction.

■■■ Although Agent Malinowski did not have a warrant, a warrantless search incident to an arrest may be made of the defendant's person plus the area within his immediate control from which he might

obtain either a weapon or a destructible evidentiary item. (*Chimel v. California* (1969), 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034.) However, a police officer may allow an arrested person to change clothes or dress and, in doing so, may keep the defendant under constant surveillance. Any evidence in plain view or in the area over which the defendant has control, and in which there may be a weapon or destructible evidence, the officer may seize. (*Giacalone v. Lucas* (6th Cir. 1971), 445 F.2d 1238; *People v. Mann* (1969), 61 Misc. 2d 107, 305 N.W.S.2d 226. See also *United States v. Titus* (2d Cir. 1971), 445 F.2d 577.) The motion to suppress, therefore, was properly denied.

■■ Next, Mancl argues that she was not proven guilty beyond a reasonable doubt. Mere presence at the scene of a crime, even with knowledge the crime is being committed, is insufficient to find criminal accountability. (*People v. Owens* (4th Dist. 1975), 32 Ill. App. 3d 893, 337 N.E.2d 60; *People v. Banks* (1st Dist. 1975), 28 Ill. App. 3d 784, 329 N.E.2d 504.) On the other hand, one may aid and abet without actively participating in the overt act. (*People v. Rybka* (1959), 16 Ill. 2d 394, 158 N.E.2d 17.) "Evidence that a defendant voluntarily attached himself to a group bent on illegal acts with knowledge of its design supports an inference that he shared the common purpose and will sustain his conviction as a principal for a crime committed by another in furtherance of the venture." *People v. Rybka* (1959), 16 Ill. 2d 394, 405, 158 N.E.2d 17, 22.

■■ In this case, there was evidence that Mancl was counting pills in the afternoon, returned $10 in change to Egan during the evening transaction, and explained to Egan that, if he was short any pills, he should contact Sickles. We must conclude there was sufficient evidence for the jury to find Mancl guilty beyond a reasonable doubt. See *People v. Hanson* (3d Dist. 1977), 44 Ill. App. 3d 977, 359 N.E.2d 188.

■■■ However, Mancl also contends that the testimony concerning her counting pills was evidence of another crime and should not have been admitted.

> "Where the court is dealing with a prosecution of an offense involving narcotics, evidence of other offenses is inadmissible except where the other offense is part of the *res gestae* of the offense charged or it helps to prove motive, intent, premeditation, guilty knowledge or a common plan or scheme." (*People v. Hanson* (3d Dist. 1977), 44 Ill. App. 3d 977, 984, 359 N.E.2d 188, 194.)

The evidence which Mancl now challenges tended to prove both guilty knowledge and a common plan or scheme. Therefore, it was admissible.

■■ The remaining issues raised by Mancl challenge the trial court's ruling on instructions. First, she argues that the trial court should have given both paragraphs of IPI Criminal No. 3.02, instead of merely the first paragraph, because the evidence against Mancl was entirely circumstantial. For the trial court to give only the first paragraph of IPI Criminal No. 3.02, each element of the crime need not be supported by direct evidence. (*People v. Schoeneck* (3d Dist. 1976), 42 Ill. App. 3d 711, 356 N.E.2d 417.) In this case, the direct evidence of Mancl's statements, her physical presence, her counting the pills and the returning of $10 change was sufficient to warrant the giving of only the first paragraph of IPI Criminal No. 3.02.

■■ Next, Mancl claims that the trial court should not have given a limiting instruction to the jury concerning the use of evidence of other crimes. The defendant's reasoning is that it prejudiced her by informing the jury she was in fact guilty of another offense. We cannot agree with the defendant's interpretation. It has already been determined that this evidence was properly before the jury, and therefore, the trial court correctly decided to give the instruction limiting the use of such evidence to establish mental state or common design. Merely informing the jury there is evidence of other crimes does not inform them that the defendant is guilty of those crimes.

■■ According to Mancl, the trial court erred by denying defendant's instruction No. 4, "A material element of every crime is a voluntary act," and by giving IPI Criminal No. 4.14 tendered by the State:

"A material element of every crime is a voluntary act, which includes an omission to perform a duty which the law imposes on the offender and which he is physically capable of performing."

The defendant contends that the giving of IPI Criminal No. 4.14 leaves the jury with the impression she was required by law to prevent the transaction. The jury's impression is merely a supposition by the defendant, without support in the record. IPI Criminal No. 4.14 merely defines voluntary act to include an omission to act under certain circumstances. Even though this case does not involve the failure of the defendant to perform an act required under a legal duty and which she was physically capable of performing, at worst the giving of the entire instruction was harmless error.

■■ Lastly, the defendant challenges the refusal by the trial court to give the defendant's non-IPI instruction No. 16: "Mere presence at the scene of a crime is insufficient to establish guilt." Although this is a true statement of law, as far as it goes, there is no evidence that Mancl was merely present. As a result, the trial court did not err by refusing this instruction.

Accordingly, the judgments of conviction of the Circuit Court of Will County are affirmed.

Affirmed.

STENGEL, P. J., and SCOTT, J., concur.