THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PHILLIP MITCHELL, Defendant-Appellant.

First District (4th Division)    No. 77-1202

Opinion filed April 20, 1978.

James J. Doherty, Public Defender, of Chicago (Gail A. Moreland, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Mary Ann Callum, and John J. Cronin, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

After a bench trial, Phillip Mitchell was found guilty of criminal damage to property (Ill. Rev. Stat. 1975, ch. 38, par. 21—1(a)) and sentenced to 90 days in the House of Correction. He contends the State failed to prove his guilt beyond a reasonable doubt.

The complaining witness resided in a second floor apartment of a four-unit building at the corner of 101st Street and May Avenue in Chicago. Access to his section of the building was on 101st Street through an outer, unlocked door, which led to a security door that could be opened only by a key or a tenant's signal. However, the security door had been "burglarized" prior to the date of this incident. Beyond the security door were a series of stairways leading to the four apartments in this unit, two of which were located on the first floor and two on the second.

The complaining witness testified that he had been dozing in his bedroom about noon on April 22, 1977, when he heard the doorbell ring in his apartment. Thinking it might be his wife who had gone shopping, he went to the front window overlooking 101st Street but did not see her car. When he returned to his bedroom, he heard noises at his apartment door which sounded like someone was trying to pry open the door. He returned to the front window and, seeing nothing outside, he telephoned the police. The witness again returned to the front window where he sat as the noise at the door continued. About 3 or 4 minutes after making the telephone call, he observed two police officers drive up in an unmarked

car in front of the building on 101st Street. The two officers exited their car and proceeded to the rear of the building, whereupon the complaining witness observed a man, identified as defendant, exit the building from the 101st Street door and proceed toward May Avenue. One of the officers arrived at the front of the building and the complaining witness called to him that the man had just left the building. Defendant was then stopped by the officers. The complaining witness testified that he observed pry marks on his door which caused the wood to break.

One of the arresting officers testified that he and his partner arrived at the scene pursuant to a radio dispatch and immediately went to the rear of the building after exiting their vehicle on 101st Street. They then returned to the front of the building where the witness heard a man call out from a window in the building, "There he goes down the street." The officers stopped defendant, returned him to the building, and advised him of his constitutional rights. When they asked defendant his purpose in the area, defendant responded that he had relieved himself on the side of the building and that he was selling cookies for his brother. Defendant was carrying a briefcase which contained college materials, and he had no screwdriver or like object on his person. The officer testified that a subsequent inspection of the apartment door in question disclosed pry marks and that a screwdriver was found under the stairway carpeting in the area. He related that although defendant was fingerprinted at the police station, the screwdriver found on the premises was not tested for fingerprints. Defendant offered no evidence in his own behalf.

■■ Mere presence at the scene of an offense and flight therefrom do not, of themselves, establish guilt. Although of probative value, suspicious circumstances cannot suffice as proof of an offense and will not sustain a conviction. (*People v. Fletcher* (1977), 46 Ill. App. 3d 530, 534, 361 N.E.2d 97, 100.) The circumstantial evidence which supports a conviction must produce a reasonable and moral certainty that the accused committed the offense. *People v. Curtis* (1977), 45 Ill. App. 3d 771, 774, 360 N.E.2d 122, 125.

■■ The only evidence in this case which in any manner links defendant to the damaged apartment door is his presence at the building. He was not observed near the damaged door nor was he found with any object in his possession which could have produced such damage. Although the police located a screwdriver near the arrest, it does not appear the screwdriver was tested for fingerprints to connect defendant with that object. Moreover, the arresting officers did not investigate any of the other three apartments in the unit with regard to this incident. The State's evidence, while establishing that defendant was probably the person

heard tampering with the apartment door, fell short of demonstrating by a reasonable and moral certainty that he was in fact that person. The evidence failed to prove defendant's guilt beyond a reasonable doubt.

Accordingly, the judgment of the circuit court of Cook County is reversed.

Reversed.

ROMITI and DIERINGER, JJ., concur.