THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES T. LOBDELL, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY LOBDELL, Defendant-Appellant.

Third District   Nos. 3—87—0391, 3—87—0392 cons.

Opinion filed July 8, 1988.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant James Lobdell.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant Anthony Lobdell.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HEIPLE delivered the order of the court:

Following a bench trial, the defendants James Lobdell and Anthony Lobdell were convicted of residential burglary. (Ill. Rev. Stat. 1985, ch. 38, par. 19—3(a).) The court sentenced James to seven years of imprisonment and Anthony to a four-year term. The defendants contend on appeal that: (1) their guilt was not established beyond a reasonable doubt; and (2) an evidence deposition was erroneously admitted. We affirm.

At approximately 5:30 p.m. on January 6, 1987, Charles Foote noticed nothing unusual at Clifford Johnson's house at 2401 W. Malone in Peoria. Two hours later he discovered a broken front door window there. Peoria police officer David Zachman later found the front doors ajar, and Officer Gary Siebenthal lifted unidentified latent fingerprints from another broken storm door window.

At approximately 9:30 p.m. that night John Whitby saw two black males walk toward a parked vehicle bearing license plate number KK 6642. The car drove away and next stopped at the corner of Malone

and Stanley. Whitby then saw two black males run out of the house at 2401 W. Malone and jump into the car.

Approximately three hours later, Peoria police officer Vivian Lobdell stopped the two defendants and Robert Buford in a vehicle bearing the same license plate number KK 6642. Anthony exited the vehicle and exclaimed "I know you want us for some burglaries." Robert Buford later verified that the defendants approached a home near the intersection of Stanley and Malone one January evening but thought they returned empty-handed within five minutes.

Several days after these incidents, Johnson's son found a boarded front door window at Johnson's home. He also found that a cash box was missing from Johnson's bedroom drawer.

■■ ■ Initially we address the defendants' argument that admitting the evidence deposition of Clifford Johnson was reversible error. They suggest that the State failed to establish that Johnson was unavailable for trial. We disagree.

At the hearing on the State's motion to depose Johnson, Johnson testified as follows. He was 72 years of age and retired. One week prior to the May 2 commencement of walleye fishing season, he planned to travel 500 miles to his Wisconsin home and remain there until May 24. He had not planned a trip back to Peoria on the scheduled trial date because it would interfere with both his fishing season preparations and a scheduled furnace repair appointment.

The court allowed the State's motion, and at trial, over the defendant's objection, admitted Johnson's evidence deposition. He therein denied ever permitting the defendants to enter his home at 2401 W. Malone. He further testified that he was in Florida on January 6. When he returned two months later, two of his doors had been repaired and a cash box that contained rings, a watch, coins and papers was missing from his dresser drawer.

Supreme Court Rule 414(a) allows evidence depositions to preserve relevant evidence for a criminal trial if there is a substantial possibility that the evidence would be unavailable at trial. (87 Ill. 2d R. 414(a).) Rule 414 balances the need to obtain and preserve evidence against a criminal defendant's right to have witnesses appear. Live testimony is generally the rule, as testimony before the fact finder is considered an important element of the truth-seeking process. Thus any departure from traditional trial procedures is cautiously allowed only in special circumstances. In the case of an unavailable witness, mere reluctance to testify does not suffice. *People v. Johnson* (1987), 118 Ill. 2d 501, 517 N.E.2d 1070.

We decline to find the court's attempt to accommodate Johnson

an abuse of discretion. Johnson's inability to appear at the defendants' bench trial was tantamount to unavailability as contemplated by Rule 414. Hence, Johnson's evidence deposition was properly admitted.

In support of their reasonable doubt arguments, the defendants suggest that merely placing them at the crime scene sometime on January 6 was insufficient to convict them.

■ Residential burglary involves entering a building with intent to commit a theft. A determination of requisite intent is based on factual inferences and is not disturbed on appeal unless the evidence is palpably contrary to the verdict or creates reasonable doubt of guilt. Further, unlawful breaking and entry into a building where a theft could occur gives rise to an inference of intent to commit theft. *People v. Ybarra* (1987), 156 Ill. App. 3d 996, 510 N.E.2d 122.

■ The defendants were at the crime scene on the night that two of Johnson's front door windows were broken and a cash box was stolen from his home. Also, while being detained, Anthony uttered his suspicion that he was wanted for some burglaries.

Having viewed all the evidence most favorably to the prosecution, we find no reasonable doubt of the defendants' guilt. (See *People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.) The circumstances of the crime surpassed mere suspicion that the defendants burglarized Johnson's home and reasonably established that they committed the crime. See *People v. Mitchell* (1978), 59 Ill. App. 3d 367, 375 N.E.2d 531.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.