THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARK MASON, Defendant-Appellant.

First District (1st Division)   No. 1—89—2383

Opinion filed March 25, 1991.

Randolph N. Stone, Public Defender, of Chicago (Ira Churgin, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Walter Hehner, and Brian Clauss, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

This is an appeal by defendant Mark Mason from his conviction for burglary following a bench trial in the circuit court of Cook County. Defendant was sentenced to 14 months' probation. The issue to be considered on appeal is whether the State's evidence was sufficient to prove guilt beyond a reasonable doubt of burglary.

In the early morning May 3, 1988, Officer Anthony Myers was riding in a patrol car that was proceeding west on Augusta Avenue between Central Park Avenue and Lawndale Avenue with his partner when he observed a car which was blocking the alley behind a garage on Lawndale. When the officers pulled the squad car into the alley to investigate, Myers, who at this time remained seated inside the vehicle, saw three male blacks coming from the gangway at the side of the garage. The men were walking in a single file; Myers identified defendant as the first person in line and stated that a third person, whom he later learned was "Red," had something in his hand. Myers further testified that when the men saw the officers, they turned and

ran westbound through the gangway. Myers exited his vehicle and ran west down Augusta toward Lawndale at which time he again saw the three men as they ran past the garage; however, he saw nothing in the hands of any of the three men.

When Myers and his partner continued to chase the three men, they split up, with Red continuing west towards Lawndale while defendant and the second man turned around and ran east towards the alley. Myers caught and arrested defendant and the second man but was unable to apprehend Red. When Officer Myers returned to the garage, he noticed a car battery with cut cables lying on the ground alongside the garage. The side door of the garage was open and pry marks were found around the lock. Inside the garage, Myers observed a car with both the door and hood open and saw that the cables were cut and the battery was missing.

It was stipulated that, if called to testify as a witness, Miguel Cordero would state that he is the owner of the garage and car in question and that he had parked his car in the garage at about 5 p.m. on the night before, at which time the side door of the garage was not damaged and the car battery was intact. He would further testify that at approximately 6:15 a.m. on May 3 he was notified by the police and observed his car battery on the ground near his garage, but he had not given permission to anyone to enter or remove anything from the garage. After the State rested, defendant moved for a directed finding, which the court denied. Defendant neither testified nor presented any witnesses or evidence in his own behalf and the defense rested. Following argument from both parties, the trial judge found defendant guilty.

Defendant then presented motions for reconsideration and for a new trial based on reasonable doubt, both of which were denied. On appeal, defendant contends that although the State's evidence established the fact of a burglary, the State failed to prove defendant either personally committed or was accountable for the burglary. He argues that proof of Red's culpability is tenuous and that, even if the evidence does implicate Red, it does not establish defendant's accountability for Red. We agree.

■ The due process clause of the fourteenth amendment (U.S. Const., amend. XIV), mandates that an accused only be convicted upon proof beyond a reasonable doubt of every element necessary to constitute the offense for which he is charged. (*In re Winship* (1970), 397 U.S. 358, 364, 25 L. Ed. 2d 368, 375, 90 S. Ct. 1068, 1078.) In *Jackson v. Virginia* (1979), 443 U.S. 307, 318-19, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2788-89, the Supreme Court articulated the

proper standard of review to be applied when a defendant asserts he was convicted in the State court upon insufficient evidence:

"[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be \*\*\* to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.' [Citation.] Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Citation.]"

See also *People v. Young* (1989), 128 Ill. 2d 1, 48-49, 538 N.E.2d 461; *People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267.

■■ Applying those principles to the case at bar and after carefully reviewing the record, we conclude that the evidence is insufficient to sustain defendant's conviction. There was no evidence that defendant entered the garage or removed anything from it. Myers testified that he got a good look at the men, and when he first observed defendant and two other men walking through a gangway at the side of the garage, the third man, "Red," had "something" in his hands. However, he gave no description of the object as to color, size, weight or shape. There was no evidence that defendant was found in possession of the car battery. Although Myers testified that there were pry marks on the door lock, no burglary tools were recovered. Although a car was parked in the alley very close to the garage, there was no showing that the car was registered to defendant or any of the men in the group.

■■ ■ The State asserts that in addition to defendant's presence at the scene and his flight therefrom, the evidence also establishes that when Myers saw Red the second time, he noticed that Red had nothing in his hands. Even if the trial court assumed that the "something" in Red's hands was the car battery and that he had recently taken it from the car and dropped it during the police chase, the evidence is lacking that defendant participated in the burglary of the battery, that he had any control over the battery after it was stolen, that he knew it to be stolen or that he specifically aided Red in the burglary. Although the evidence may have established a strong suspicion that defendant was somehow involved, as he was near the scene of a crime, "suspicions and probabilities are not enough to convict." (*People v. Johnson* (1976), 43 Ill. App. 3d 428, 431, 356 N.E.2d 1373,

1375-76; see also *People v. Ramirez* (1986), 151 Ill. App. 3d 731, 734, 502 N.E.2d 1237.) Accordingly, we find that the circumstances are not a sufficient ground for accomplice liability.

A person is accountable for the conduct of another person if, "[e]ither before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such person in the planning or commission of the offense." (Ill. Rev. Stat. 1985, ch. 38, par. 5—2(c).) Although one may aid and abet another without actively participating in the offense, mere presence at the scene and flight therefrom do not *prima facie* establish accountability. Moreover, knowledge that a crime is being committed does not of itself constitute aiding or abetting. (*Ramirez*, 151 Ill. App. 3d at 735.) Here, there was no evidence of fingerprints or accomplice testimony. There was no proof demonstrating that the group of men had been together for a length of time or that defendant was acting as a lookout. The cases cited by defendant which were reversed for insufficient evidence support our conclusion that the instant evidence was insufficient to establish that defendant intended to promote or facilitate the commission of the offense. See generally *Ramirez*, 151 Ill. App. 3d 731; *People v. Thruman* (1977), 52 Ill. App. 3d 13, 367 N.E.2d 379; *People v. Thompson* (1975), 35 Ill. App. 3d 105, 340 N.E.2d 631; *People v. Banks* (1975), 28 Ill. App. 3d 784, 329 N.E.2d 504. See also *People v. Perruquet* (1988), 173 Ill. App. 3d 1054, 527 N.E.2d 1334; *People v. Underwood* (1982), 108 Ill. App. 3d 846, 439 N.E.2d 1080; *People v. Rodriguez* (1980), 89 Ill. App. 3d 941, 412 N.E.2d 655.

For the foregoing reasons, we must reverse defendant's conviction, because after viewing the evidence in the light most favorable to the prosecution, we believe that the defendant's accountability for Red's alleged burglary was not proven beyond a reasonable doubt.

Reversed.

BUCKLEY and O'CONNOR, JJ., concur.